# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| REBECCA WILCOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 3:11-cv-00274 |
| v. ) | Judge Trauger |
| ) | |
| AMERICAN HOMEPATIENT, INC., ) | |
| ) | Jury Demand |
| Defendant, ) | |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. The Court has supplemental jurisdiction over Plaintiff's state law breach of contract claim pursuant to 28 U.S.C. § 1367.

B.     BRIEF THEORIES OF THE PARTIES:

(1)     PLAINTIFF: This is an action for violation of the Fair Labor Standards Act and breach of contract brought by Rebecca Wilcox against American HomePatient, Inc.

Defendant is a nationwide home health care provider that supplies medical products and services to approximately 280 centers across the United States. Defendant employed Plaintiff as an hourly worker at it Nashville, Tennessee location from October 16, 2008 until October 25, 2010.

During the course of Plaintiff's employment, Defendant increased her daily quota more than threefold, without explanation. After Plaintiff advised her supervisors that it would be near impossible to meet these newly established goals, these supervisors required Plaintiff to work

through lunch, unpaid, and take work home, unpaid, to meet her new production goals without additional cost to Defendant.

As a result, Plaintiff was required to work numerous hours without pay and required to work in excess of 40 hours per week, without receiving overtime wages as required by the Fair Labor Standards Act.

(2) DEFENDANT: Plaintiff was an at will employee at the Defendant's Nashville location during the relevant time. She was paid hourly for all hours worked, and was paid 1.5 times her regular rate for hours worked in excess of forty in a workweek. Her hourly pay was at all times above the federal minimum wage. The Defendant has not required the Plaintiff to work unpaid, and has compensated her for all hours actually worked consistent with applicable law.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before June 20, 20011.

F. MOTIONS TO AMEND: The parties shall file all motions to amend on or before October 1, 2011.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before October 31, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge.

H. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before October 31, 2011.

I. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before December 15, 2011. Responses to dispositive motions shall be filed within thirty (30) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed twenty (20) pages, absent Court permission for longer pleading. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

J. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before January 13, 2012. The defendant shall identify and disclose all expert witnesses and reports on or before February 9, 2012.

K. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before March 16, 2012.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three (3) days.

N.	TARGET TRIAL DATE: The parties have scheduled a trial date of May 8, 2012.

It is so **ORDERED.**

_____
ALETA TRAUGER
United States District Court Judge



APPROVED FOR ENTRY:


s/ Jeremy W. Parham
Jeremy W. Parham, TN Bar No. 022222
114 N. Spring Street
Manchester, TN 37355
Telephone: 615-954-5297
Fax: 931-954-5299
jparham@parhamlawoffice.com

Counsel for Rebecca Wilcox

and

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

s/ Elin M. Henningsson
Alexandra Coulter Cross (BPR #017726)
Elin M. Henningsson (BPR #029207)
315 Deaderick Street, Suite 1800
Nashville, Tennessee  37238
Telephone:  (615) 256-0500
Facsimile:  (615) 251-1059
Email:  acc@h3gm.com & emh@h3gm.com

Counsel for Defendant AHP

452512-2